Submitted July 5, affirmed August 14, 2013, petition for review dismissed February 25, 2014 (354 Or 838)

RIVER CITY INVESTMENT CO.,
*Plaintiff-Respondent,*

*v.*

Julie NOLTING,
*Defendant-Appellant.*

Multnomah County Circuit Court
120013500E; A151724

308 P3d 1079

Julie Nolting filed the brief *pro se.*

No appearance for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

In this forcible entry and detainer (FED) action involving a residential unit, defendant appeals a general judgment, entered after trial, awarding plaintiff restitution of the property.[1]

Defendant presents several reasons why she believes the judgment should be reversed. Under Article VII (Amended) of the Oregon Constitution, as restated in ORS 19.415, the Court of Appeals may reverse a judgment only if it affirmatively determines that the trial court committed error that substantially affects the rights of a party; thus, an appellant cannot win by default on appeal, because the court always must satisfy itself, with or without a brief from the respondent, that the trial court committed reversible error that substantially affects the rights of a party. We have considered defendant's arguments and reviewed the record of proceedings in the trial court, and we conclude that the trial court did not commit reversible error. Accordingly, we affirm.

Defendant raises the following issues: (1) both she and Mark DeLapp, who appeared in the trial court on behalf of plaintiff, know the trial court judge who heard the case and this was a "conflict of interest"; (2) the trial court struck one of her defenses before she presented her case; (3) plaintiff initiated the FED action in retaliation for defendant's requests for repairs and complaints about landlord entries into her apartment; (4) plaintiff failed to make repairs on the property; and (5) DeLapp was not qualified to appear on behalf of plaintiff. She also asserts that the parties have a dispute regarding a security deposit and disposal of possessions.

With limited exceptions not applicable here, this court does not address issues that the parties did not adequately raise in the trial court. *See* ORAP 5.45 (explaining principle of preservation of error). Plaintiff did not preserve a claim of error in connection with her "conflict of interest" argument, the striking of one of her defenses, her defense that plaintiff initiated the FED action in retaliation for

---

[1] River City Investment Company has not appeared on appeal.

complaints about landlord entries into her apartment, and her contention about DeLapp's qualification to represent plaintiff. As to her arguments about repairs and retaliation for complaints about repairs, the trial court considered and rejected them. As noted, we have reviewed the record in this case, and we conclude that the trial court correctly concluded that (1) defendant's arguments about plaintiff's failure to make repairs did not constitute a defense in a 30-day no-cause FED action and (2) the evidence presented by defendant was insufficient to establish that plaintiff initiated the FED action in retaliation for her complaints about repairs. As to the asserted dispute about a security deposit and disposal of possessions, those issues apparently arose after the general judgment was entered and, accordingly, are not properly before us on this appeal of the general judgment.

Affirmed.